[No. 34684. Department Two. August 21, 1958.]

DEWEY E. SKAGGS, *Respondent*, v. GENERAL ELECTRIC COMPANY, *Appellant.*[1]

[1]Reported in 328 P. (2d) 871.

*Gavin, Robinson & Kendrick* and *Robert R. Redman,* for appellant.

*Ivan Merrick* and *Theodore D. Peterson,* for respondent.

OTT, J.—October 27, 1956, Dewey E. Skaggs was injured when he tripped and fell over a vehicle "stop" signpost which was bent across the sidewalk on George Washington Way in the village of Richland. He commenced this action to recover in damages for his injuries against the General Electric Company, which had the control, operation, and management of Richland. (There is no contention here that the company's liability differs from that of a municipal corporation.)

Mr. Skaggs' complaint alleged that the defendant company was negligent in failing to discover and remove the dangerous condition created by the bent "stop" signpost.

The defendant's answer denied liability and alleged contributory negligence as an affirmative defense. Plaintiff's reply denied the affirmative matters pleaded.

The cause was tried to a jury, which returned a verdict for the plaintiff. From the judgment entered in accordance therewith, the defendant company has appealed.

Appellant's assignments of error present two contentions: (1) The evidence was insufficient to support the verdict, and (2) the respondent was guilty of contributory negligence, as a matter of law.

The evidence, which is substantially without dispute, established that:

George Washington Way is the main thoroughfare in Richland. At approximately nine o'clock a. m., October 27, 1956, an unidentified motorist backed his automobile into the signpost in question, bending it down so that the pipe which supported the sign extended across the sidewalk at an elevation of from four to ten inches. (There is no contention that any municipal employee saw the obstruction, or that it was reported to the Richland authorities, or that the unidentified motorist was an agent of appellant.) Shortly before four o'clock p. m., while respondent was walking north on George Washington Way, he tripped and fell over the obstruction, his attention having been momentarily distracted by the blowing horn of a passing automobile. He sustained the injuries for which he seeks to recover in damages.

Appellant contends that there was insufficient evidence to charge it with constructive notice of the obstruction, and that the trial court erred in submitting this issue to the jury.

■ What constitutes a sufficient period of time to place a municipality on constructive notice of a defect is determinable largely from the circumstances of each particular case. *Peterson v. Seattle*, 100 Wash. 618, 171 Pac. 657 (1918).

In *Johnson v. Ilwaco*, 38 Wn. (2d) 408, 415, 229 P. (2d) 878 (1951), we said:

"When the location of the offset and flag pole hole was shown to be in the main business part of the city, the jury was justified in drawing an inference that its officers had

actual knowledge of their existence and condition; also from the direct and circumstantial evidence, the jury could conclude that they had existed for a sufficient length of time so that respondent had constructive notice thereof."

See, also, *Holland v. Auburn*, 161 Wash. 594, 598, 297 Pac. 769 (1931).

In 19 McQuillin, Municipal Corporations (3d ed.), 401, § 54.110, the rule is stated as follows:

". . . if the defective condition or danger which caused the injury has existed for such a period of time that the municipal authorities, by the exercise of ordinary care and diligence, must have known of its existence, and could have guarded the public against it and failed to do so, notice will be imputed to the municipality."

The proof having established that the street in question was one of the busiest streets in Richland, which has approximately twenty-seven thousand inhabitants, and that the obstruction existed from nine o'clock a. m. until four o'clock p. m., it was proper for the court, under the rules announced above, to submit these circumstances to the jury to determine whether appellant should be charged with constructive notice.

We find no merit in appellant's first contention.

Appellant next contends that the trial court erred in failing to find, as a matter of law, that respondent was guilty of contributory negligence in failing to see and avoid the obstruction.

We have held that a pedestrian, who has no knowledge to the contrary, has the right to assume that the street upon which he is walking is free from dangerous defects, and that he is not required to confine his attention constantly to the street ahead of him. *Isaacs v. National Bank of Commerce*, 50 Wn. (2d) 548, 313 P. (2d) 684 (1957); *Blasick v. Yakima*, 45 Wn. (2d) 309, 274 P. (2d) 122 (1954); *Hines v. Neuner*, 42 Wn. (2d) 116, 253 P. (2d) 945 (1953); *James v. Burchett*, 15 Wn. (2d) 119, 129 P. (2d) 790 (1942).

Conceding the rule to be as stated above, appellant contends that respondent should be charged with knowledge of the obstruction, since he had an opportunity to observe

it as he approached it from a distance of two hundred feet. Although the sign was the customary traffic "stop" sign, the pipe which supported it was of a color similar to that of the sidewalk, and the sign was bent face down over the sidewalk, which made it much more difficult for an approaching pedestrian to see.

■ In *Blasick v. Yakima, supra,* we said [p. 313]:

". . . the fact that there is something in a pedestrian's path which he could see if he looked and which he does not see because he does not look, does not constitute contributory negligence as a matter of law unless there is a duty to look for that particular thing *(Hines v. Neuner* (1953), 42 Wn. (2d) 116, 253 P. (2d) 945)."

In *Hines v. Neuner, supra,* a pedestrian tripped over a tow cable which stretched across a crosswalk. This court said [p. 125]:

"We are of the opinion that the plaintiff here did not have a positive duty to discover the tow rope, in the sense that, on mere proof of his failure to see it, knowledge of the hazard would be automatically imputed to him so as to bar recovery. As we have already indicated, whether knowledge of the tow rope will be imputed to him depends on whether it was reasonable, considering all the circumstances then existing, for him to fail to see the tow rope.

"Neither the plaintiff nor the defendant should be held to a rigid and inflexible rule of conduct which would require a person to act in only one way, and no other, in any given set of circumstances. *To take from the jury its function of considering all of the various factors which go into the determination of contributory negligence is to ignore the principle that one is not bound, in all cases, to pay absolute heed to his surroundings.*" (Italics ours.)

■ In *Scott v. Pacific Power & Light Co.,* 178 Wash. 647, 659, 35 P. (2d) 749 (1934), we said:

"Ordinarily, the question of contributory negligence is for the jury. A court will determine the question only when but one reasonable conclusion can be reached from a given state of facts."

See, also, *Smith v. Tacoma,* 163 Wash. 626, 1 P. (2d) 870, 75 A. L. R. 1508 (1931).

The burden of establishing the affirmative·· defense of contributory negligence is upon the party who asserts it. *Davis v. Brown*, 20 Wn. (2d) 219, 147 P. (2d) 263 (1944); *James v. Burchett, supra,* p. 129. Applying the rules stated above to the record before us, we conclude that the trial court properly submitted the issue of contributory negligence to the jury.

For the reasons stated, the judgment is affirmed.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

