[No. 34708.   Department One.   December 4, 1958.]

CARRIE I. NIEBARGER, *Respondent*, v. THE CITY OF SEATTLE, *Appellant.*[1]

[1]Reported in 332 P. (2d) 463.

*A. C. Van Soelen* and *John A. Logan,* for appellant.

*Conner & Potter,* for respondent.

MALLERY, J.—This is an action for personal injuries sustained by the plaintiff when she fell on an icy sidewalk in the city of Seattle. From an adverse judgment based on the jury's verdict, the defendant appeals.

A heavy intermittent snowfall commenced on January 15th and continued to January 18, 1954. The sidewalk, which was level where the respondent fell, had become ridged and humped with ice and snow from pedestrian traffic. This constituted the dangerous condition relied upon by the respondent.

There is a city ordinance in Seattle which requires abutting property owners to clear snow and ice from their sidewalks, and many had done so in the vicinity. It is not contended that the ordinance relieves the city of its duty to maintain the streets in a safe condition, but, since the city does not know which sidewalks, if any, have not been cleared by the owners, a snowfall is not itself notice of a dangerous condition in any particular place.

The city must have (a) notice of a dangerous condition which it did not create, and (b) a reasonable opportunity to correct it before liability arises for negligence from neglect of duty to keep the streets safe. *Bull v. Spokane,* 46 Wash. 237, 89 Pac. 555.

■ (a) The respondent's only attempt to show *actual* notice was the testimony of a policeman who lived across the street and saw that the sidewalk in question was not cleared when he was shoveling off his own sidewalk. There is no evidence in the record that it was his duty, as a policeman, to notify the street department of the condition of sidewalks in general or of the place of the injury in particular. The city did not have actual notice of the dangerous condition in question.

■ Constructive notice to the city may be inferred from the elapse of time a dangerous condition is permitted to continue when it is long enough to be able to say that it ought to have known about the condition. *Holland v. Auburn*, 161 Wash. 594, 297 Pac. 769.

■ In the instant case, the respondent's fall occurred about seven p. m. on January 18, 1954, the third day after the snowfall commenced and about fifteen hours after it ceased. As a matter of law, fifteen hours is insufficient to constitute constructive notice. The shortest time we have permitted a jury to find as constituting constructive notice as a question of fact, is six days.

In *Holland v. Auburn, supra*, snow had fallen some days before the accident on the main business block in Auburn and, so far as possible, it had been removed. But, six or seven days prior to the accident, water dripping from a building had frozen into a mound or hummock on the layer of snow remaining on the sidewalk. The city officer, whose duty it was to tell property owners to clear their sidewalks, passed this place several times a day. Under these facts, the question of constructive notice was submitted to the jury.

The instant case is not governed by the .*Holland* case because the facts herein are weaker and the elapsed time is shorter. Reasonable minds could not differ as to whether or not the city must have known from the elapse of time of the existence of the hazardous condition. As a matter of law, the time is too short to constitute constructive notice.

■ (b) The following are the facts regarding the city's opportunity to clear the sidewalk. From January 16th to

January 19th city crews worked clearing snow and sanding streets on a twenty-four hour basis in two twelve-hour shifts, including Saturday and Sunday. They gave their first attention to trouble spots and complaints. The sidewalk in question was not shown to have deserved a priority, in the attention of the street crews, by reason of its condition or location. Under these circumstances, as a matter of law, the city was not negligent.

We are able to say, as a matter of law, that the record herein does not support the verdict of the jury.

The judgment is reversed.

HILL, C. J., ROSELLINI, and FOSTER, JJ., concur.

FINLEY, J., concurs in the result.

---

March 18, 1959. Petition for rehearing denied.