[No. 36251.   Department One.   May 16, 1963.]

W. W. Wright, *Appellant*, v. The City of Kennewick, *Respondent*, Northern Pacific Railway Company, *Appellant*.*

*Peterson, Taylor & Day*, for appellant Wright.

*McKevitt, Snyder & Thomas*, for appellant Northern Pacific Railway Company.

*Kenneth E. Serier*, for respondent.

* Reported in 381 P. (2d) 620.

ROSELLINI, J.—On December 31, 1959, at approximately 7:50 p.m., an automobile driven by Dennis Wright, the 17-year-old son of the plaintiff, collided with a freight train belonging to the defendant Northern Pacific Railway Company (hereafter referred to as Northern Pacific) at an intersection in the city of Kennewick. The boy was killed, and two young passengers who were riding with him in the front seat were injured slightly.

The evidence was that for 2 days, there had been a light snow on the ground, and a freezing rain earlier in the day had made the streets icy. Dennis did not see the approaching train, which was proceeding at a speed of 30 miles per hour with the horn sounding, until it was too late to avoid a collision. He was driving at a speed of between 15 and 20 miles per hour.

Richard Adams, who was riding in the front seat by the right-hand door, saw the oscillating headlight of the train and called a warning to Dennis, who apparently saw the train at the same time, as he immediately applied the brake. His vehicle apparently skidded into the nose of the train. Richard Adams testified that he did not see the flashing signals in operation but admitted that it was possible that they might have been functioning without his observing them. At the time of the trial, the other passenger, Ann Kennedy, who was 15 when the accident happened, could not remember whether the signals were functioning.

This wrongful-death action was brought against Northern Pacific and the city of Kennewick. While there was an allegation that Northern Pacific was negligent in that its train was operated at an excessive rate of speed, this theory was not pursued at the trial, and the plaintiff confined his proof to his contention that the automatic stop signals were not functioning or were functioning improperly at the time of the accident. In his complaint against the city, the plaintiff alleged that this defendant was negligent in failing to sand the streets.

On the motion of the city, the trial court dismissed it from the action; and only the case against Northern Pacific was

submitted to the jury, which returned a verdict in favor of the plaintiff.

Northern Pacific has appealed from the judgment entered on this verdict, and the plaintiff has appealed from the order dismissing the city as a defendant.

█ It is the first contention of Northern Pacific that the evidence was insufficient to support a finding that the signal lights were not in operation. While there was a great deal of testimony, by disinterested as well as interested witnesses, that the signal lights were functioning immediately after the accident, and a photograph taken within an hour after the accident showed that they were functioning, there was some evidence that at one point, they were not in operation. This was a photograph taken a short time after the accident, which the photographer said showed that the lights were off. There was also the testimony of Richard Adams that he did not observe the lights in operation. Since there was conflict in the evidence, the jury could find that the lights were not functioning properly at the time of the accident. While this court might well find the evidence favoring Northern Pacific's contention more convincing, it is not our function to weigh the evidence, as we have often acknowledged. *Smith v. American Mail Line, Ltd.*, 58 Wn. (2d) 361, 363 P. (2d) 133, and cases cited therein.

█ The next contention of Northern Pacific is that the evidence was insufficient in any case because it was not shown that Northern Pacific was negligent in its maintenance and inspection of the signals. It cites the cases of *Northern Pac. R. Co. v. Bacon*, 91 F. (2d) 173, and *Southern Pac. Co. v. Kauffman*, 50 F. (2d) 159, which hold that the mere failure of signals to function at the time of a collision is not evidence of negligence on the part of a railroad company. Unfortunately for Northern Pacific, this case was not tried on that theory. As the trial court pointed out in a letter to the parties, explaining its decision on a motion for judgment notwithstanding the verdict, the jury was instructed that, if it found that the signals were not functioning, and that this was a proximate cause of the collision, and further found that Dennis Wright was not guilty

of contributory negligence, its verdict should be for the plaintiff. No exception was taken to this instruction, and it became the law of the case. *Seattle v. Harclaon*, 56 Wn. (2d) 596, 354 P. (2d) 928; *Jones v. Hogan*, 56 Wn. (2d) 23, 351 P. (2d) 153. We need not decide, therefore, whether the instruction correctly embodied the law.

Northern Pacific assigns error to the giving of the court's instruction No. 8, which advised the jury that even though it should find that the icy condition of the street was a proximate cause of the accident, if it found that negligence of Northern Pacific was also a proximate cause, and that Dennis Wright was not guilty of contributory negligence, it should find for the plaintiff. Error is also assigned to the refusal of a requested instruction to the effect that the verdict should be for Northern Pacific if the jury should find that the icy condition of the street was an intervening cause of the accident.

Both of these assignments of error are grounded upon the same theory—that the condition of the street was an intervening cause disconnecting Northern Pacific's negligence, if any, from the happening of the accident. The authorities which it cites present different factual situations and do not sustain Northern Pacific's contention.

The law does not require that the negligence of a defendant must be the sole cause of the injury complained of in order to entitle the plaintiff to damages therefor, and the connection between a negligent act and an injury is not broken by an intervening event which occurs so naturally in the course of events that it might reasonably have been anticipated by the wrongdoer. *Ward v. Arnold*, 52 Wn. (2d) 581, 328 P. (2d) 164. Here, in a cold December, the icy condition of the streets was reasonably foreseeable by the defendant and made it all the more imperative that the signals should be kept in proper operating condition, since it must have been known that sudden stops would be difficult to execute.

Northern Pacific also urges that this court should hold as a matter of law that Dennis Wright had ample warning of the train's approach. Again, whether the warning given

was sufficient under the circumstances was a question for the jury.

■ Finally, error is assigned to the admission of the testimony of two witnesses who had observed signal failures at adjacent crossings in the past. This evidence was offered to rebut the testimony of Northern Pacific's employee who said that the signals never failed. No authority is cited for the proposition that the evidence was improperly admitted for this purpose. An assignment of error not supported by cited authority will not be considered, unless it appears on its face that the assignment is well taken. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn. (2d) 122, 372 P. (2d) 193.

In appealing the decision of the trial court dismissing the city from the action, the plaintiff contends that there was sufficient evidence of negligence on its part to warrant submitting the case to the jury.

■ The rule is that a city must have (a) notice of a dangerous condition which it did not create, and (b) a reasonable opportunity to correct it before liability arises for negligence from neglect of duty to keep the streets safe. *Niebarger v. Seattle*, 53 Wn. (2d) 228, 332 P. (2d) 463. Here, the evidence was that the snow had been on the ground no more than 2 days, and the most recent crust of ice had formed only a few hours earlier. It is plain that the city had not had a reasonable opportunity to remove it.

Assuming then that the plaintiff is correct in his contention that a city may become liable for failure to remove natural accumulations of ice and snow from its streets, the court nevertheless did not err in holding that the evidence was insufficient to warrant submitting the case to the jury.

The judgments are affirmed.

OTT, C. J., HILL, and HUNTER, JJ., and DAWSON, J. Pro Tem., concur.