[No. 4047–1. Division One. July 11, 1977.]

JAMES LEE OKKERSE, ET AL, *Appellants,* v. WESTGATE
MOBILE HOMES, INC., *Respondent.*

*Harold E. Baily,* for appellants.

*Zylstra & Pitt* and *Ted D. Zylstra,* for respondent.

ANDERSEN, J.—·

## FACTS OF CASE

Plaintiffs sued for damages claimed to have arisen out of their purchase of a mobile home from the defendant dealer. A jury returned a verdict for the defendant and plaintiffs appeal from the judgment entered thereon.

The mobile home that was the subject of the purchase was new and had been bought on an installment contract. Plaintiffs made all of the agreed payments except for $200 which they declined to pay. The defendant then brought suit in small claims court for the balance owing and the plaintiffs countered with the present superior court action.

As grounds for recovery, the plaintiffs alleged:

1. Defendant by its agent sold to plaintiffs a Kirkwood two bedroom mobile home, model 1972 new.

2. That said defendant as an inducement to purchase represented said mobile home to be double insulated.

3. That in truth and in fact said mobile home had been ordered by defendant from the factory as single insulated and said mobile home was single insulated and not double insulated as represented and defendant has willfully refused to correct said defect.

The plaintiffs in their complaint also alleged the existence of various construction defects in the mobile home, but a challenge to the sufficiency of the plaintiffs' proof of these defects was sustained at the close of the plaintiffs' case. The defendant cross claimed for the $200 balance owing and recovered judgment against the plaintiffs in that sum. Plaintiffs have not assigned error to either the sustaining of the defendant's evidentiary challenge or to its recovery of the $200; therefore, these will not be further considered. CAROA 43.

Plaintiffs' appeal presents three issues.

## ISSUES

ISSUE ONE. Did the trial court err in submitting plaintiffs' case to the jury on a breach of warranty theory rather than on theories of negligent misrepresentation and violation of the Consumer Protection Act?

ISSUE TWO. Was it error to refuse to give plaintiffs' proposed instructions on damages and to reject certain of their offered evidence on damages?

ISSUE THREE. Did the trial court err in allowing the defendant to introduce evidence concerning the so-called "R" factor of the mobile home wall?

## DECISION

ISSUE ONE.

CONCLUSION. Based on the instructions given and the uncontroverted evidence in the case, the jury, by returning a defense verdict, had to have found that no misrepresentation was made to the plaintiffs. Therefore, if there was error in the trial court's refusal to instruct on the other theories of liability requested by the plaintiffs, it was harmless error.

The trial court's instructions on breach of warranty[1] and on damages[2] were excepted to on the grounds that they did not conform to plaintiffs' theory of the case and that the measure of damages contained therein was erroneous.

Objections to instructions must state distinctly the matter to which a party objects, the grounds of objection and inform the trial judge of the points of law involved. CR 51(f); *Harris v. Burnett,* 12 Wn. App. 833, 843, 532 P.2d

---

[1] "A warranty is a promise that a proposition of fact is true.

"The burden of proof of the existence of the warranty is on the plaintiffs." Instruction No. 7.

"If you find that there was a warranty given by the defendant to the plaintiffs, and if you find that the defendant breached that warranty, then your verdict should be in favor of the plaintiffs.

"The burden of proving the breach of warranty rests on the plaintiffs." Instruction No. 8.

[2] "The measure of damages for breach of warranty is the difference, at the time of delivery of the mobile home, between the value of the mobile home as it was delivered and the value that the mobile home would have had if it had been as warranted.

"The burden of proof on the issue of damages, including the burden of proving the respective values, rests on the plaintiffs and it is for you to determine whether the elements of damage have been proved by a fair preponderance of the evidence." Instruction No. 9.

1165 (1975). The exceptions taken to the breach of warranty instructions (footnote 1) were inadequate to preserve the objections now made to them. *Haslund v. Seattle,* 86 Wn.2d 607, 614, 547 P.2d 1221 (1976). Furthermore, no error having been assigned to the giving of the damages instruction (footnote 2), we cannot consider any claimed improprieties therein. CAROA 43; *DeRevere v. DeRevere,* 5 Wn. App. 446, 450, 488 P.2d 763 (1971).

We therefore accept the instructions on breach of warranty and damages as the law of this case on appeal. *Wright v. Kennewick,* 62 Wn.2d 163, 165–66, 381 P.2d 620 (1963); *Ball v. Smith,* 87 Wn.2d 717, 720, 556 P.2d 936 (1976).

■ At trial, the defendant's witnesses conceded that the mobile home was not double insulated and that the value of a new mobile home without double insulation was less than one with double insulation. Thus, the only two factual issues presented to the jury for decision were: (a) whether the defendant's employees had misrepresented to the plaintiffs that the mobile home was double insulated; and (b) the extent of the plaintiffs' damages. It follows from this that the jury, by returning a defense verdict and not awarding damages to the plaintiffs, had to have concluded that the plaintiffs had not proved any misrepresentation.

In order to recover under a theory of negligent misrepresentation, a false statement must be proven. *Brown v. Underwriters at Lloyd's,* 53 Wn.2d 142, 150, 332 P.2d 228 (1958); *J & J Food Centers, Inc. v. Selig,* 76 Wn.2d 304, 311, 456 P.2d 691 (1969). Under the Consumer Protection Act, RCW 19.86, "unfair or deceptive acts or practices . . ." must be established. RCW 19.86.020. Absent proof of a misrepresentation that the mobile home was double insulated, there is no basis for a recovery under either the plaintiffs' negligent misrepresentation or Consumer Protection Act theories; therefore, the trial court's failure to instruct on such theories, if error, was harmless error. *Kennedy v. Clausing,* 74 Wn.2d 483, 491, 445 P.2d 637

(1968); *Nelson v. Mueller,* 85 Wn.2d 234, 236, 533 P.2d 383 (1975).

ISSUE TWO.

CONCLUSION. The trial court did not err in its rulings on the damages issue that the plaintiffs have assigned as error.

■ Where, as here, the defendant's nonliability is established by a verdict in the defendant's favor, it is irrelevant whether there was an erroneous rejection of evidence concerning damages or whether proposed instructions on the issue of damages were improperly rejected. *Hansen v. Wightman,* 14 Wn. App. 78, 89-90, 538 P.2d 1238 (1975); *Stuart v. Consolidated Foods Corp.,* 6 Wn. App. 841, 845, 496 P.2d 527 (1972). No error was committed in this regard.

ISSUE THREE.

CONCLUSION. The ruling on evidence concerning the "R" factor was a discretionary ruling which we will not disturb.

■ This issue raised by the plaintiffs concerns solely the relevancy of certain evidence admitted as to the insulating quality of the walls of the mobile home. Such rulings are discretionary with the trial court. *Stuart v. Consolidated Foods Corp., supra* at 847; *Rasor v. Retail Credit Co.,* 87 Wn.2d 516, 533, 554 P.2d 1041 (1976). We find no abuse of that discretion.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Petition for rehearing denied September 28, 1977.

Review denied by Supreme Court May 12, 1978.