[No. 6138–1. Division One. March 19, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DARWIN GARY HINZ, *Appellant.*

*Robert Olson, Public Defender,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ronald H. Clark, Deputy,* for respondent.

ANDERSEN, J.—

FACTS OF CASE

The defendant appeals from his conviction of the crimes of attempted rape in the second degree and assault in the second degree.

The victim and a girl friend of hers spent several hours at a Redmond, Washington cocktail lounge described in the testimony as "more or less a single's bar." She testified that when she left alone to drive home, she was accosted outside the bar by the defendant, with whom she had danced, and who asked her to drive him home. She agreed and, as she testified, when she stopped her car in the driveway of the house to which he had asked to be taken, the defendant made advances and then beat her severely in the course of an attempt to rape her.

Evidence corroborating the victim's testimony was presented in the form of torn clothing, photographs showing her injuries and testimony by the defendant's cousin that he was awakened by the victim's screams and intervened before the rape or any further assault could take place. The police officers who arrived at the scene shortly after the events in question also testified as to the victim's injuries and her distraught condition.

INSTRUCTIONS

In order to deal with the many assignments of error raised on appeal with reference to the instructions given to the jury by the trial court, it is necessary to set out the full text of a number of those instructions. They are as follows:

The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged.

The plaintiff has the burden of proving each element of the crime beyond a reasonable doubt.

A defendant is presumed innocent. This presumption continues throughout the entire trial unless you find it has been overcome by the evidence beyond a reasonable doubt.

A reasonable doubt is one for which a reason exists. You are not to consider doubts that are unreasonable or which are unsupported by evidence or lack of evidence. A reasonable doubt is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence. If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

Instruction No. 2.

The crimes charged in this case are crimes which require proof of specific criminal intent on the part of the defendant to engage in sexual intercourse by forcible compulsion.

To establish specific criminal intent, the State must prove beyond a reasonable doubt that the defendant knowingly did an act which the law forbids, purposely intending to violate the law. The existence or non–existence of such specific criminal intent may be determined from all the facts and circumstances surrounding the case.

Instruction No. 4.

To convict the defendant of the crime of attempted rape in the second degree as charged in Count I of the Information, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 29th day of January, 1977, the defendant attempted to engage in sexual intercourse with Pamela M. Mattis;

(2) That Pamela M. Mattis was not married to the defendant;

(3) That the attempt to engage in sexual intercourse was by forcible compulsion, and

(4) That the acts occurred in King County, Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any of these elements, then it will be your duty to return a verdict of not guilty.

Instruction No. 5.

If it appears from the evidence in this case that Pam Mattis consented to the act of sexual intercourse, then you must find the defendant not guilty.

Instruction No. 5B.

A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime.

If the conduct in which a person engages otherwise constitutes an attempt to commit a crime, it is no defense to a prosecution of such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission.

Instruction No. 6.

The term "substantial step" means more than mere preparation or solicitation.

Instruction No. 7.

To convict the defendant of the crime of assault in the second degree as charged in Count II of the Information, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 29th day of January, 1977, the defendant knowingly assaulted Pamela M. Mattis;

(2) That the assault was committed with intent to commit rape; and

(3) That the acts occurred in King County, Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of the

elements, then it will be your duty to return a verdict of not guilty.

Instruction No. 11.

A person commits the crime of assault in the second degree when he knowingly assaults another with intent to commit a felony.

Instruction No. 12.

An assault is an act, with unlawful force, done with intent to inflict bodily injury upon another, tending but failing to accomplish it, and accompanied with the apparent present ability to inflict the bodily injury if not prevented. It is not necessary that bodily injury be inflicted, but is sufficient if an apprehension and fear of bodily injury is created in another.

An assault is also an intentional unpermitted touching or striking of the person or body of another, regardless of whether any actual physical harm is done to the other person.

An assault is also an intentional act, with unlawful force, which creates in another a reasonable apprehension and fear of bodily injury, even though the actor did not actually intend to inflict bodily injury.

Instruction No. 13.

A person knows or acts knowingly or with knowledge when:

(1) He is aware of a fact, facts or circumstances or result described by a statute defining an offense; or

(2) He has information which would lead a reasonable person in the same situation to believe that facts exist, which facts are described by a statute defining a crime.

Instruction No. 14.

Three ultimate issues are presented.

## ISSUES

ISSUE ONE. Were the two crimes of which the defendant was convicted actually one crime?

ISSUE TWO. Did the trial court err in excluding evidence of the whereabouts of the victim after the assault?

ISSUE THREE. Did the trial court err in instructing the jury on the law?

DECISION

ISSUE ONE.

CONCLUSION. Only one offense was committed.

The defendant argues that he was convicted of two separate offenses stemming from the same conduct in violation of the federal and state constitutional prohibitions against double jeopardy. U.S. Const. amends. 5 and 14; Const. art. 1, § 9. We agree.

▊ Washington applies the "same evidence" test for determining whether or not there has been a violation of the constitutional double jeopardy prohibition. *State v. Morlock,* 87 Wn.2d 767, 771, 557 P.2d 1315 (1976); *State v. Bresolin,* 13 Wn. App. 386, 392–93, 534 P.2d 1394 (1975); *State v. Waldenburg,* 9 Wn. App. 529, 531, 513 P.2d 577 (1973); *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973). *See also Brown v. Ohio,* 432 U.S. 161, 166, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977). In *State v. Bresolin, supra,* we held:

> The defendant must prevail, however, on the claim that his conviction and sentence for both second–degree assault and the robbery of Mark Medearis placed him in double jeopardy. One of the elements constituting robbery is the use of unlawful force or violence upon, or imparting fear of injury to the victim. *State v. McDonald,* 74 Wn.2d 141, 443 P.2d 651 (1968). We find the acts of force necessary to commit the robbery of Mark Medearis to be the same as the acts of force inflicted upon him as alleged in the count charging assault in the second degree. The litany of injuries inflicted upon the victim was part of a continuing, uninterrupted attack to secure "dope" or money, and constituted proof of an element included within the crime of robbery. Under the evidence in this case, the assaults inflicted were not separate and distinct from the force required for the robbery. *State v. Smith,* 9 Wn. App. 279, 511 P.2d 1032 (1973). The *Smith* case points up the converse of the situation where the acts of force which constituted an element of the robbery there committed were different acts of force than those which constituted the assault. The evidence in this case indicates that there was no cessation of the infliction of fear and injury upon the victim and a

later resumption of a separate and distinct act of violence. The purpose of the acts of the defendant was the single purpose of effectuating the robbery of the victim. Where an act constituting a crime also constitutes an element of another crime, a defendant is placed in double jeopardy if he is charged with both crimes. *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962). . . . Under the pleadings and the proof presented, the conviction of assault in the second degree based upon the force used to accomplish the robbery of Mark Medearis must be set aside.

*State v. Bresolin, supra* at 393–94.

The defendant was charged with assault in the second degree under the section of that statute which relates to assault with intent to commit a felony. RCW 9A.36-.020(1)(d). He was charged with attempted rape in the second degree under the forcible compulsion section of that statute. RCW 9.79.180(1)(a); RCW 9A.28.020.

■ Under these offenses as charged, proved and instructed upon, the same evidence of physical violence on the part of the defendant that constituted the "assault . . . committed with intent to commit rape" element of the crime of assault in the second degree also constituted the "attempt to engage in sexual intercourse . . . by forcible compulsion" element of the crime of attempted rape in the second degree. See instructions Nos. 5 and 11. The purpose of the acts of the defendant was the single purpose of attempting to rape the victim. Therefore, only one offense was committed, not two. *State v. Bresolin, supra; State v. Waldenburg, supra.*

■ The appropriate remedy is to set aside the conviction and sentence on the lesser included offense or lesser degree of crime following which the Board of Prison Terms and Paroles will reevaluate the minimum term of the defendant's confinement. *State v. Bresolin, supra* at 395. Since attempted rape in the second degree is a class C felony, RCW 9.79.180(2), RCW 9A.20.020(b), and RCW 9A.28.020(3)(c), whereas assault in the second degree is a class B felony, RCW 9A.36.020(2), it is the conviction of the

lesser offense of attempted rape in the second degree which will be set aside. *See State v. Bresolin, supra* at 394; *State v. Gilroy,* 199 N.W.2d 63 (Iowa 1972); *People v. Chapman,* 261 Cal. App. 2d 149, 67 Cal. Rptr. 601, 620 (1968).

ISSUE TWO.

CONCLUSION. The trial court did not abuse its discretion in ruling that testimony regarding the whereabouts of the victim following the rape was inadmissible.

The defendant offered to prove that the victim, who had taken refuge with the defendant's cousin where he was staying, had spent the rest of the night there. The relevancy claimed is that this related to an earlier statement the victim had made to the defendant that she had to go home because she had a babysitter there.

■ The circumstances into which the defendant sought to inquire occurred after he had left the scene, after the rape had been reported to the police by the defendant's cousin and after the officers had arrived, conducted their investigation and left. The trial court did not abuse its discretion in denying admissibility on the ground that such evidence was irrelevant. *State v. Schrager,* 74 Wn.2d 75, 80, 442 P.2d 1004 (1968); *Okkerse v. Westgate Mobile Homes, Inc.,* 18 Wn. App. 45, 49, 566 P.2d 944 (1977). *See also* RCW 9.79.150; *State v. Blum,* 17 Wn. App. 37, 46, 561 P.2d 226 (1977).

ISSUE THREE.

CONCLUSION. The trial court did not commit reversible error in instructing the jury as it did.

THE "TO CONVICT" INSTRUCTION

The defendant argues that the trial court committed reversible error when it omitted reference to intent in the "formula" or "to convict" instruction defining the elements of the crime of attempted rape in the second degree. See instruction No. 5. He argues, and correctly so, that in instructing the jury as to a statutory definition of a crime, every pertinent element contained in the statute should be set forth. *State v. Emmanuel,* 42 Wn.2d 799, 817, 259 P.2d

845 (1953); WPIC 4.21, 11 Wash. Prac. 42 (1977). The criminal attempt statute does require that an intent to commit a specific crime be proved, RCW 9A.28.020(1).[1] That intent should have been included in the "to convict" instruction. WPIC 100.02, 11 Wash. Prac. 436 (1977).

As discussed in connection with Issue One, the charge of attempted rape in the second degree is being stricken; therefore, any inadequacy in this instruction relating to that offense is harmless error. *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968).

More should be said with reference to that instruction, however, since for two additional reasons the instructional error was not prejudicial in any event. First, the jury was instructed in other of the court's instructions that in order to convict the defendant of this offense, the State had to prove beyond a reasonable doubt that the defendant intended to engage in sexual intercourse by forcible compulsion. Instructions Nos. 2 and 4. See also instruction No. 6. Second, *State v. Emmanuel, supra,* relied on by the defendant, is distinguishable. Unlike the present case, the defendant in *Emmanuel,* proposed a "to convict" instruction that did contain the missing element. *State v. Emmanuel, supra* at 821. The appellate briefs in that case also reflect that none of the remaining instructions given to the jury specifically informed them, as here, that the missing element was an element which the State had to prove beyond a reasonable doubt. See instruction No. 4.[2] When the instructions in this case are read together, as they must be, we find no prejudice. *State v. Thompson,* 88 Wn.2d 518, 527, 564 P.2d 315 (1977).

---

[1] "Criminal attempt. (1) A person is guilty of an attempt to commit crime if, *with intent to commit a specific crime,* he does any act which is a substantial step toward the commission of that crime." (Italics ours.) RCW 9A.28.020(1).

[2] By this reference, we do not wish it to be understood that instruction No. 4 which was given at the defendant's request is approved in its entirety. *See* WPIC 100.01, 100.02, 11 Wash. Prac. 434, 436 (1977).

### The "Consent" Instruction

Error in instruction No. 5B, defining consent, is claimed on the basis that such instruction made it appear that the burden of proof was on the defendant.

This assignment of error is not well taken for three reasons: first, we do not so read it; second, it was not excepted to in the trial court on that basis; and third, with one minor deletion, it is an instruction proposed by the defendant.[3] The other instructions made it amply clear that the State, and only the State, had the burden of proof on both charges, and instruction No. 5B must be read in context with them. *State v. Thompson, supra.*

### The "Substantial Step" Instruction

Instruction No. 7, to which error is assigned, simply informed the jury that the term "substantial step" used in the instruction defining "attempt" (instruction No. 6) means more than mere solicitation. It is the defendant's position that based on Model Penal Code § 5.01 (Proposed Official Draft, 1962), the instruction should also have told the jury that to be a substantial step, such step must be strongly corroborative of the actor's criminal purpose. Although such additional language could properly have been added, its absence did not make the instruction erroneous. *State v. Workman,* 90 Wn.2d 443, 449, 584 P.2d 382 (1978).

### Definition of "Assault" Instruction

Assault was defined for the jury in instruction No. 13. The defendant argues that paragraph numbered 2 therein was error in that it would permit the jury to convict the defendant of assault in the second degree for a mere unpermitted touching or kiss. The instruction is essentially the one from the Washington Pattern Jury Instructions,

---

[3]The defendant's proposed instruction No. 12 read:

"If it appears from the evidence in this case that [the victim] consented to the act of sexual intercourse, however reluctant that consent may have been, then you must find the defendant not guilty."

Criminal, WPIC 35.50, 11 Wash. Prac. 199 (1977). The objected–to portion of this instruction is not incorrect, *State v. Garcia,* 20 Wn. App. 401, 403, 579 P.2d 1034 (1978), and was justified in view of the evidence presented. Again, we are firmly committed to the rule that jury instructions must be read as a whole and each instruction read in connection with all others given, *State v. Thompson, supra,* as the jury was specifically informed by one of the instructions the trial court gave in this case. When the objected–to portion of instruction No. 13 is read in context with the rest of that instruction, and with instructions Nos. 4, 11 and 12, it could not have misled the jury as the defendant contends.

### DEFINITION OF "KNOWLEDGE" AND "KNOWINGLY" INSTRUCTION

The defendant assigns error to instruction No. 14. As to it, he argues that paragraph numbered 2 therein permits punishment for simple negligence, violating the defendant's due process right since it allows conviction without the element of guilty knowledge and also allows application of a presumption which deprived the defendant of his reasonable doubt protection. No exception of any kind was taken to the giving of this instruction by the trial court, and it is raised for the first time on appeal. Furthermore, the instruction is not erroneous. RCW 9A.08.010(1)(b); *State v. Van Antwerp,* 22 Wn. App. 674, 591 P.2d 844 (1979). *See* WPIC 10.02, 11 Wash. Prac. 93 (1977).

The defendant likewise assigns error to the trial court's failure to give certain of his proposed instructions. The brief of appellant treated these in the context of the errors assigned to the trial court's instructions which were given and so have we. What we have held with respect to the instructions which were given also disposes of the contentions made with respect to the defendant's proposed instructions which were not given.

The conviction of the defendant of the lesser offense of attempted rape in the second degree and the sentence based thereon are set aside. The judgment and sentence of the defendant are affirmed as modified.

DORE and RINGOLD, JJ., concur.

Reconsideration denied April 30, 1979.

Review granted by Supreme Court July 25, 1979.