[No. 11816-9-III.   Division Three.   April 13, 1993.]

MARY E. BIRD, *Plaintiff,* v. WILLIAM WALTON, *as Personal Representative,* ET AL, *Defendants,* ANTHONY HECKART, ET AL, *Appellants,* THE DEPARTMENT OF TRANSPORTATION, *Respondent.*

*Roland L. Skala, James D. Maloney,* and *Weeks & Skala,* for appellants.

*Christine O. Gregoire, Attorney General,* and *Douglas H. Brown, Assistant,* for respondent.

MUNSON, J. — Anthony and Cheryl Heckart appeal the summary judgment dismissal of their third party complaint against the Department of Transportation. They contend the Department failed to carry its burden of establishing the absence of any issue of material fact as to its liability for a series of vehicle collisions.

Shortly before 9 a.m. on January 29, 1988, at least five different vehicles were involved in a series of collisions on Interstate 82, a highway south of Ellensburg, Washington. Mr. Heckart, the driver of a logging truck and a defendant in the ensuing litigation, filed a third party complaint against the Department alleging its failure to adequately sand the highway was a proximate cause of the collisions.

The Department's records show ice began forming on the roadway about 1 a.m. Between 1:30 and 4:30 a.m., maintenance worker Bill Fuqua placed 5 yards of sand on the north- and southbound lanes of an 11-mile stretch of Interstate 82, including the portion where the collisions occurred. Several individuals who were present at the scene of the accident later stated they did not believe the road had been sanded.

Department maintenance worker Warren Hall began his shift at 4 a.m., sanding portions of Interstate 82 from Ellensburg south toward Yakima. Shortly before 8 a.m., he began sanding northbound. He was sanding the left lane, driving about 20 miles per hour in dense fog, when he was passed by the various vehicles involved in the collisions. Moments later he came upon the scene of the accident.

The Department moved for summary judgment which was granted by the trial court. Mr. Heckart appeals.

■ ■ Mr. Heckart contends material issues of fact preclude summary judgment dismissing his claim against the

Department. When the defendant in a negligence action moves for summary judgment challenging the sufficiency of the evidence of an essential element of the plaintiff's claim, the plaintiff must present sufficient evidence to establish the essential elements of its case. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989); *Hitter v. Bellevue Sch. Dist. 405*, 66 Wn. App. 391, 832 P.2d 130, *review denied*, 120 Wn.2d 1013 (1992); *Las v. Yellow Front Stores, Inc.*, 66 Wn. App. 196, 831 P.2d 744 (1992). The facts, and all reasonable inferences therefrom, are viewed in the light most favorable to the nonmoving party, but when reasonable minds can reach only one conclusion from the evidence presented, a question of fact may be determined as a matter of law. *Central Wash. Bank v. Mendelson-Zeller, Inc.*, 113 Wn.2d 346, 353, 779 P.2d 697 (1989); *Hitter*, at 399.

A plaintiff alleging negligence must establish the existence of a duty owed, injury, and a breach of the duty which proximately causes the injury. *Ford v. Red Lion Inns*, 67 Wn. App. 766, 840 P.2d 198 (1992), *review denied*, 120 Wn.2d 1029 (1993). The Department has a duty "to maintain its roads in such a condition that they are reasonably safe for persons using them in a proper manner and exercising ordinary care for their own safety." *Stewart v. State*, 92 Wn.2d 285, 299, 597 P.2d 101 (1979). The State contends it has "no duty to sand its highway for an [*sic*] natural accumulations of snow and ice". A municipality is liable for a dangerous condition which it did not create only if it has notice of the condition and a reasonable opportunity to correct it. *Wright v. Kennewick*, 62 Wn.2d 163, 167, 381 P.2d 620 (1963). There is no sound reason why the same rule should not apply to the highways maintained by a county or the State.

It is undisputed the Department had notice ice was forming on the highway from 1 a.m. on the day of the collision involving Mr. Heckart. The undisputed evidence also shows Department maintenance workers were thereafter engaged almost continuously in attempting to sand the highway, up to the moment of the accident, despite dense fog and danger-

ous driving conditions. The Department met its obligation; Mr. Heckart did not. The summary judgment was properly granted.

SHIELDS, C.J., and THOMPSON, J., concur.