98 P.3d 819 (2004)
James P. LEROY, individually and as Personal Representative of the Estate of Shirley L. Leroy, Appellant,
v.
STATE of Washington, Respondent,
Dane Warnstadt, Defendant.
No. 30166-1-II.
Court of Appeals of Washington, Division 2.
August 17, 2004.
Publication Ordered October 5, 2004.
*820 Keith Leon Kessler, Ray W. Kahler, Stritmatter Kessler Whelan et al, Hoquiam, WA, for Appellants.
Talis Merle Abolins, Eric Andrew Mentzer, Attorney Gen Office/Torts Div, Olympia, WA, for Respondent.
David L. Edwards, Edwards & Hagen PS, Aberdeen, WA, for Defendant Warnstadt.
MORGAN, A.C.J.
The main question in this appeal is whether the State had a duty to de ice a highway bridge even though it lacked notice that ice had formed on the bridge. Answering no, we affirm summary judgment in favor of the State.
About 7:30 A.M. on February 16, 2000, a Honda Accord was traveling south on State Route 107. It was occupied by the driver, Paul LeRoy, and by two passengers, Shirley LeRoy and Gordon Lewis.
At the same time, a pickup truck was traveling north on the same highway. It was occupied by its driver, Dane Warnstadt.
The two vehicles met at Route 107's bridge across the Chehalis River. Unknown to either driver, the deck of that bridge was icy. The pickup skidded, crossed the center line, and collided with the Honda. Shirley LeRoy was killed, and Paul LeRoy, Lewis, and Warnstadt were injured.
On April 4, 2001, Paul LeRoy, individually and as personal representative of Shirley LeRoy's estate, sued the State and Warnstadt. He alleged that the State owed "the motoring public" a duty of ordinary care to keep the road "in a reasonably safe condition"; that the State had negligently breached that duty because it "knew or should have known that the subject bridge surface would be icy on the morning of February 16, 2000";[1] and that the State's negligence was a proximate cause of the accident. He also alleged that Warnstadt had been negligent in failing to "keep his vehicle within its own lane of travel" and that Warnstadt's negligence was also a proximate cause of the collision.[2]
The State moved for summary judgment. It acknowledged having a duty of ordinary care to keep the road in a reasonably safe condition  if, but only if, it had "(a) notice of a dangerous condition which it did not create, and (b) a reasonable opportunity to correct [that condition]."[3] It claimed that it had not had notice of ice at the time and place of the *821 accident; that it had not had an opportunity to correct that condition; and thus that it could not be held liable. LeRoy responded that the State had actual notice of the icy condition due to weather forecasts and the Department of Transportation's (DOT's) knowledge that bridges are "among the first areas to develop ice."[4] He also claimed that even if the State had lacked actual notice, it had a duty to "exercise ordinary care in the maintenance of its public roads to see to it that they are reasonably safe for ordinary travel,"[5] and that it had negligently failed to anticipate the formation of ice at the time and place of the accident.
The trial court found no evidence that the State had actual knowledge of the icy condition prior to the accident, and it rejected LeRoy's contention that the State could be liable in the absence of notice and opportunity to correct. It reasoned in part:
The State has a duty to exercise ordinary care to maintain public highways in a reasonably safe condition for ordinary travel. In cases where it is alleged that an accident has been caused or contributed to by accumulations of snow or ice on public roadways, our courts have repeatedly held that the state or municipality responsible for the roadway is liable for a dangerous condition created by snow or ice only if it has notice of the condition and a reasonable opportunity to correct it.[[6]]
The trial court granted the State's motion, and LeRoy brought this appeal.[7]
The main issue on appeal is whether the State owes a duty under all circumstances or whether its duty arises only when certain conditions are met. According to LeRoy, the State owes a duty of reasonable care under all circumstances. According to the State, it owes such a duty only when it has actual notice of, and time to correct, the hazard in question. Duty is a question of law[8] that we review de novo.[9]
Based on the caselaw, we agree with the State. The State has a duty of ordinary care to make its roads reasonably safe for ordinary travel.[10] That duty is conditional, however, for it arises only when the State has notice of, and time to correct, the hazard in question.[11] In short, according to Nibarger v. City of Seattle,[12] the State "must have (a) notice of a dangerous condition which it did not create, and (b) a reasonable opportunity to correct it before liability arises for negligence from neglect of duty to keep the streets safe."[13]
*822 LeRoy invites us to change the law. He states:
Plaintiff acknowledges that the few Washington cases addressing ice or snow on roadways have used a more limited duty than the normal duty of reasonable care. However, the law should not be frozen in 1958 when Nibarger was decided. While ... Nibarger may have made sense ... when weather forecasts were not readily available and sand was the only tool available ... to address icy roadways, circumstances have changed considerably since then in terms of the availability of reliable weather forecasts and anti-icing chemicals to prevent ice from ever forming on roadways....
This Court "may abandon or modify a common law rule if, in the light of current conditions and thinking, the rule's precepts are incompatible with present-day society." [[14]]
He concludes:
Stare decisis is not a straight-jacket that requires rigid application of out-dated doctrines. The law moves on. Courts must discard obsolete rules of law as reason and experience require.[[15]]
Believing that the law is settled, we decline his invitation.
LeRoy argues that even if the State's duty is conditional, his evidence against the State shows that the State had notice of, and time to correct, the ice in question here. Viewed in the light most favorable to LeRoy,[16] his evidence against the State shows that bridges generally are more susceptible to ice that other areas; that weather forecasts for the night of February 15-16 predicted a low of 25-35 degrees; that "[t]his was a classic, predictable icing situation"[17] in which "the threat of ic[e] on that bridge was quite real that morning";[18] and that the State had "anti-icing materials" available to it.[19] His evidence fails to show, however, that the State had notice of ice at the time and place of the accident before the accident occurred. The trial court could not properly have submitted his evidence against the State to a jury, and the trial court did not err by granting summary judgment.
Affirmed.
We concur: HOUGHTON and HUNT, JJ.
NOTES
[1] Appendix C at 3-4.
[2] Appendix C at 4.
[3] Clerk's Papers (CP) at 5 (quoting Nibarger v. City of Seattle, 53 Wash.2d 228, 229, 332 P.2d 463 (1958)).
[4] CP at 50.
[5] CP at 59.
[6] CP at 590.
[7] The trial court permitted an immediate appeal by ruling that the order granting State's motion was a final judgment for purposes of CR 54(b). The trial court also stayed the proceedings against Warnstadt.
[8] Hertog v. City of Seattle, 138 Wash.2d 265, 275, 979 P.2d 400 (1999).
[9] C.J.C. v. Corp. of Catholic Bishop of Yakima, 138 Wash.2d 699, 732, 985 P.2d 262 (1999); Terrell C. v. Dept. of Soc. and Health Serv., 120 Wash.App. 20, 25, 84 P.3d 899 (2004); Murphy v. State, 115 Wash.App. 297, 305, 62 P.3d 533, review denied, 149 Wash.2d 1035, 75 P.3d 968 (2003), and cert. denied, ___ U.S. ___, 124 S.Ct. 2812, 159 L.Ed.2d 249 (2004).
[10] E.g., Keller v. City of Spokane, 146 Wash.2d 237, 245-50, 44 P.3d 845 (2002) (municipality owes a duty to all persons, whether negligent or fault-free, to build and maintain its roadways in a condition that is reasonably safe for ordinary travel); Ruff v. King County, 125 Wash.2d 697, 704, 887 P.2d 886 (1995) ("county has a duty to maintain its roadways in a reasonably safe condition for ordinary travel by persons using them in a proper manner"); McCluskey v. Handorff-Sherman, 125 Wash.2d 1, 6, 882 P.2d 157 (1994) (State "has a duty to exercise ordinary care in the repair and maintenance of its public highways, keeping them in such a condition that they are reasonably safe for ordinary travel by persons using them in a proper manner").
[11] Wright v. City of Kennewick, 62 Wash.2d 163, 167, 381 P.2d 620 (1963) (city properly dismissed as defendant because it did not have reasonable opportunity to remove the ice crust that had formed only hours earlier); Bird v. Walton, 69 Wash.App. 366, 368, 848 P.2d 1298 (1993) (Department of Transportation met its obligation to correct the dangerous condition where it "engaged almost continuously in attempting to sand [an icy] highway, up to the moment of the accident").
[12] 53 Wash.2d 228, 332 P.2d 463.
[13] Nibarger, 53 Wash.2d at 229, 332 P.2d 463.
[14] Reply Br. of Appellant at 9-10 (quoting Crown Controls, Inc. v. Smiley, 47 Wash.App. 832, 842, 737 P.2d 709 (1987)).
[15] Reply Br. of Appellant at 14.
[16] Clark v. Baines, 150 Wash.2d 905, 910-11, 84 P.3d 245 (2004) ("When reviewing an order granting summary judgment... [a]ll facts and reasonable inferences must be considered in the light most favorable to the nonmoving party."); Vallandigham v. Clover Park School Dist. No. 400, 119 Wash.App. 95, 99, 79 P.3d 18 (2003) (when reviewing a summary judgment decision "[w]e consider all facts submitted and all reasonable inferences from them in the light most favorable to the nonmoving party."); Minahan v. W. Wash. Fair Ass'n, 117 Wash.App. 881, 887, 73 P.3d 1019 (2003) ("On a summary judgment motion, we take the position of the trial court, and we assume facts in a light most favorable to the nonmoving party."), review denied, 151 Wash.2d 1007, 87 P.3d 1185 (2004).
[17] CP at 41.
[18] CP at 215.
[19] CP at 28.