# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOSEPHINE JOHNSON, an individual, | ) ) ) | No. 71117-2-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | |
| SNOHOMISH COUNTY; DONALD and PATRICIA KRASSIN, husband and wife, both individually and on behalf of their marital community composed thereof; JOHN DOES I-IV, | ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Defendants, | ) ) | FILED: November 10, 2014 |
| and | ) ) | |
| CITY OF EVERETT, | ) ) | |
| Respondent. | ) ) | |

2014 NOV 10 AM 9: 43 COURT OF APPEALS DIV I STATE OF WASHINGTON

BECKER, J. — Josephine Johnson appeals the summary judgment dismissal of her lawsuit against the City of Everett for injuries she suffered in a trip and fall incident on a sidewalk. Because Johnson failed to demonstrate a genuine issue of material fact for trial, we affirm the trial court's order.

Around 9:00 p.m. on May 9, 2009, Johnson and a friend, Kristen Anderson, were walking on the sidewalk in front of 1301 Broadway Avenue in Everett, Washington, when Johnson tripped and fell, injuring her ankle. According to Johnson, her foot entered a hole in the sidewalk that was "three

inches deep, I think, and two inches wide." Johnson had never walked in that area before and did not know how long the hole had been in the sidewalk. Johnson and Anderson later returned to the scene and took pictures of the sidewalk, but Johnson could not remember the date they did so.

On May 1, 2012, Johnson sued the City, contending the City was negligent in failing to maintain the sidewalk in a safe condition. After parties engaged in discovery, the City moved for summary judgment on the basis that it lacked notice the sidewalk was unsafe. In support of its motion, the City submitted the declaration of the City's street maintenance and operations manager, James Roy Harris, who explained that whenever the City is notified of a condition of concern relating to sidewalks, it creates a service request that is logged into a computer database. Harris reviewed the City's database and found only one service request relating to the sidewalk adjacent to 1301 Broadway Avenue. The request stated that "trip hazards" were reported on November 9, 1999, and the City resolved the issue the same day by grinding the sidewalk. Harris found no evidence the City had conducted any repairs or maintenance that would have damaged the sidewalk prior to Johnson's fall.

Johnson filed a response contending that the City had at least constructive notice of the sidewalk's condition. In support, Johnson provided a sworn declaration from her attorney, Alicia Kikuchi. Attached to Kikuchi's declaration were several exhibits, including an unsworn seven page report from Joellen Gill,

a "human factors engineering consultant," addressed to Kikuchi, and records of 16 service requests made between 1999 and 2009. Gill stated that she reviewed the complaint, Johnson's and Anderson's depositions, the City's motion for summary judgment, the Everett Municipal Code, and "miscellaneous photographs." Gill opined that "this hazardous condition was not due to a sudden onset or acute failure; it would take many years for a sidewalk to degrade to this condition." Gill concluded that the City therefore had the opportunity to identify the hazardous condition and make repairs but failed to do so.

The City moved to strike the Gill report on the grounds that (1) it was unsworn, (2) it was inadmissible hearsay, (3) Gill was not qualified to provide an expert opinion on sidewalk conditions, and (4) Gill's conclusions were speculative and without factual basis. The trial court granted the City's motion for summary judgment. Johnson appeals.

We review a grant of summary judgment de novo, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party. Dowler v. Clover Park Sch. Dist. No. 400, 172 Wn.2d 471, 484-85, 258 P.3d 676 (2011). A motion for summary judgment may be granted when there is no genuine issue of any material fact, and the moving party is entitled to a judgment as a matter of law. CR 56(c). A material fact is one on which the outcome of the litigation depends. Greater Harbor 2000 v. City of Seattle, 132 Wn.2d 267, 279, 937 P.2d 1082 (1997). A defendant moving for summary judgment may meet the initial

burden by pointing out the absence of evidence to support the nonmoving party's case. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). If the defendant meets this initial showing, then the inquiry shifts to the plaintiff to set forth evidence to support his case. Young, 112 Wn.2d at 225 n.1. The evidence set forth must be specific and detailed, not speculative or conclusory. Sanders v. Woods, 121 Wn. App. 593, 600, 89 P.3d 312 (2004). If the plaintiff "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,'" summary judgment is proper. Young, 112 Wn.2d at 225, quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In a negligence action, a plaintiff must prove (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996). Municipalities have a duty to exercise reasonable care to keep their sidewalks in a condition that is reasonably safe for ordinary travel. Keller v. City of Spokane, 146 Wn.2d 237, 249, 44 P.3d 845 (2002).

However, before a municipality may be liable for an unsafe condition it did not create, it must have notice of the condition and a reasonable opportunity to correct it. Wright v. City of Kennewick, 62 Wn.2d 163, 167, 381 P.2d 620 (1963). Notice may be actual or constructive. Nibarger v. City of Seattle, 53 Wn.2d 228,

-4-

230, 332 P.2d 463 (1958). Constructive notice of an unsafe condition may be imputed to a municipality "'if the defective condition or danger which caused the injury has existed for such a period of time that the municipal authorities, by the exercise of ordinary care and diligence, must have known of its existence, and could have guarded the public against it and failed to do so.'" Skaggs v. Gen. Elec. Co., 52 Wn.2d 787, 790, 328 P.2d 871 (1958), quoting 19 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 54.110, at 401 (3d ed. 1950). The period of time that is sufficient to impute constructive notice "is determinable largely from the circumstances of each particular case." Skaggs, 52 Wn.2d at 789.

Here, it is undisputed that the City had no actual notice of the hole in the sidewalk. Nor does Johnson meet her burden to provide specific, detailed evidence showing the City had constructive notice of the sidewalk's condition. Johnson had not walked in the area before and did not know how long the hole had been present. The service requests submitted by Johnson show only that City employees had occasionally cleaned the streets or patched the roads in the same general area during the previous 10 years; they do not establish that City employees specifically observed the sidewalk adjacent to 1301 Broadway Avenue.

Johnson contends Gill's letter is admissible and competent evidence supporting her claim. Because Gill's letter was called to the attention of the trial

court, see CR 56(h), it is of no moment whether the trial court granted the City's motion to strike. Our de novo standard of review requires us to examine all evidence presented to the trial court, including evidence deemed by the trial court to be unworthy of consideration. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

Gill's opinion that "it would take many years for a sidewalk to degrade to this condition" is not supported by any specific facts. Gill admitted that she was unable to inspect the sidewalk at 1301 Broadway Avenue because it had been repaired subsequent to Johnson's fall. Gill based her opinion entirely on a review of two poor-quality photographs of a crack in a sidewalk. However, Gill does not identify where she got the photos, who took the photos, or when they were taken. Furthermore, while Gill has a master's degree in environmental engineering and ample experience consulting in the area of safety and risk management, there is nothing in Gill's education, background, or training that suggests she is qualified to opine on the rate of sidewalk degradation.

Moreover, Johnson may not rely on Gill's statements to create a genuine issue of material fact because Gill's report was not in the form of a sworn affidavit or declaration made under penalty of perjury, as required by CR 56(e). Kikuchi's declaration is sufficient to *authenticate* Gill's report. See Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 87 P.3d 774 (expert report addressed to counsel properly authenticated by counsel's declaration), review

denied, 153 Wn.2d 1016 (2004). But her attorney's declaration does not make Gill's report *admissible*. Courts do not always require strict compliance with CR 56(e)'s express requirements due to the potentially extreme consequences of a summary judgment motion, particularly with respect to the nonmoving party. Young Soo Kim v. Choong-Hyun Lee, 174 Wn. App. 319, 326-27, 300 P.3d 431 (2013). "But we are aware of no case . . . that excuses in whole the requirement that statements purporting to establish a necessary element of a claim or defense be in the form of sworn affidavits or declarations made under penalty of perjury." Kim, 174 Wn. App. at 327.

When all of the evidence, including Gill's report, is considered in the light most favorable to Johnson, it is insufficient to establish a genuine issue of material fact that the City had notice of the sidewalk's condition. Accordingly, the trial court did not err by granting summary judgment and dismissing Johnson's claim.

We affirm.

Becker, J.

WE CONCUR:

Spearman, C.J.

Appelwick, J.