[No. 20463-4-III. Division Three. November 26, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM RALPH
WIGGINS, *Appellant*.

*David N. Gasch*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

KURTZ, J. — William Wiggins was convicted of unlawful possession of explosives pursuant to RCW 70.74.022(1). This provision states that it is unlawful "to manufacture, purchase, sell, offer for sale, use, possess, transport, or store any explosive, improvised device, or components that are intended to be assembled into an explosive or improvised device" without having a valid license. When apprehended by police, Mr. Wiggins was carrying an empty gasoline can and a glass bottle with gauze stuffed into it. Mr. Wiggins explained that he was on his way to purchase gasoline so that he could make a Molotov cocktail to throw on his ex-girl friend's front lawn. On appeal, Mr. Wiggins contends the evidence is insufficient to support a conviction under RCW 70.74.022(1) because he did not have all of the components required to assemble a Molotov cocktail at the time of his arrest. We conclude Mr. Wiggins' appeal essentially involves a dispute over the statutory construction of RCW 70.74.022(1). Mr. Wiggins contends that he cannot be convicted under that statute because he did not possess all of the components necessary to make a Molotov cocktail. We agree. The unambiguous language of RCW 70.74.022(1) requires a showing that the defendant had all of the components necessary to assemble some type of explosive or improvised device. For that reason, we reverse Mr. Wiggins' conviction.

## FACTS

On April 2, 2001, William Wiggins called his ex-girl friend, Yvonne Bezotte, and told her how upset he was that she had recently married another man. Concerned that Mr. Wiggins was suicidal, Ms. Bezotte immediately notified police and asked that someone check on Mr. Wiggins. Shortly thereafter, police officers found Mr. Wiggins wandering down the side of the road near his home. Mr. Wiggins appeared to be crying and was carrying an empty gasoline can and a glass bottle with gauze stuffed into it. Mr. Wiggins told the officers that Jim had stolen his girl friend and that he was going over to Jim's house to hurt him. Mr.

Wiggins also told police that he was on his way to a service station to fill up the gasoline can so that he could make a Molotov cocktail to throw on Yvonne's front lawn to scare "them." Report of Proceedings (RP) at 29.

Mr. Wiggins was arrested and transported to jail. Detective Chester Gilmore interviewed Mr. Wiggins after reading him his constitutional rights. Mr. Wiggins stated that he did not mean to hurt Jim or Ms. Bezotte. Mr. Wiggins also stated that he was " 'walking drunk' "[1] when first contacted by police and that he wanted to get gasoline so he could " 'scare the heck out of Jim.' "[2] Mr. Wiggins also indicated that he intended to throw the Molotov cocktail in the yard so that it broke and burned only the yard.

At the conclusion of a bench trial, Mr. Wiggins was convicted of unlawful possession of explosives pursuant to RCW 70.74.022(1). On appeal, Mr. Wiggins contends the evidence is insufficient to support the conviction because he did not possess all of the components required to construct an explosive or improvised device.

## ANALYSIS

The fundamental disagreement, here, is whether a conviction for unlawful possession of explosives under RCW 70.74.022(1) requires proof that the defendant possessed all—or only some—of the components necessary to make an explosive or improvised device. Mr. Wiggins contends he cannot be convicted under RCW 70.74.022(1) because he did not have all of the components necessary to make a Molotov cocktail. The State asserts that a violation of RCW 70-.74.022(1) occurs even if the defendant possesses only one or some of the components necessary to make an explosive or improvised device.

 We review issues regarding statutory construction de novo. *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720

---

[1] Report of Proceedings (RP) at 41.

[2] RP at 40.

(2001). When interpreting a statute, our goal is to give effect to the legislature's intent. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Statutes must be construed to effect their purpose and to avoid strained or absurd results. *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987).

When a statute is unambiguous, we derive its meaning from the plain meaning of the statute alone. *City of Walla Walla v. Topel*, 104 Wn. App. 816, 820, 17 P.3d 1244 (2001) (citing *Cherry v. Mun. of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991)). The plain meaning is discerned by considering the statute as a whole, giving effect to all that the legislature has said and using related statutes to help identify the legislative intent embodied in the provision in question. *Campbell & Gwinn*, 146 Wn.2d at 11. When considering words contained in a statute that are not defined, the court should carefully consider the subject matter involved, the context in which the words are used, and the purpose of the statute. *City of Tacoma v. Taxpayers of Tacoma*, 108 Wn.2d 679, 693, 743 P.2d 793 (1987). If statutory language is susceptible of two constructions—one of which will promote the purpose of the statute and the second of which will defeat it—courts will adopt the former. *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 498, 909 P.2d 1294 (1996) (citing *Roza Irrigation Dist. v. State*, 80 Wn.2d 633, 638, 497 P.2d 166 (1972)).

Mr. Wiggins was convicted of unlawful possession of explosives under RCW 70.74.022. This provision is part of the Washington State explosives act, chapter 70.74 RCW, that governs the licensing, inspection, manufacture, purchase, sale, transportation, and storage of explosives. Specifically, RCW 70.74.022(1) is a licensing statute that sets forth the penalty for the failure to have the license required to "manufacture, purchase, sell, offer for sale, use, possess, transport, or store any explosive." RCW 70.74.022 describes a typical public welfare offense in that it regulates potentially dangerous devices. *See State v. Bash*, 130 Wn.2d 594, 607-08, 925 P.2d 978 (1996).

RCW 70.74.022(1) provides:

> It is unlawful for any person to manufacture, purchase, sell, offer for sale, use, possess, transport, or store *any explosive, improvised device, or components that are intended to be assembled into an explosive or improvised device* without having a validly issued license from the department of labor and industries, which license has not been revoked or suspended. Violation of this section is a class C felony.

(Emphasis added.) The term "improvised device" is defined as "a device which is fabricated with explosives or destructive, lethal, noxious, pyrotechnic, or incendiary chemicals and which is designed to disfigure, destroy, distract, or harass." RCW 70.74.010(7).

The term "components" in RCW 70.74.022(1) is not preceded by any modifier that unequivocally establishes whether a violation requires a showing that the defendant had one, some, most, or all of the components necessary to assemble an explosive or improvised device. The State argues that use of the word "components" evinces a legislative intent to establish criminal liability whenever the defendant manufactures, purchases, sells, offers for sale, uses, possesses, transports, or stores *any* components found in an explosive or improvised device, regardless of how many components are required to construct the device, or whether the particular components under the defendant's control are actually explosive. The State urges us to read RCW 70.74.022(1) in light of RCW 70.74.010, which provides that "[w]ords used in the singular number shall include the plural, and the plural the singular."

The State's reading of the term "components" is not supported by a plain reading of RCW 70.74.022. RCW 70.74.022 is a licensing statute designed to control and regulate the sale, possession, storage, and transportation of explosives in the state of Washington. In this context, the only reasonable reading of the term "components" is one that imposes liability for the failure to obtain a valid license when possessing, selling, using, transporting, or storing *all* of the unassembled components required to construct an

explosive or improvised device. Any other reading of RCW 70.74.022 is strained and unreasonable in that it imposes liability for the intent to obtain or assemble an explosive or improvised device rather than imposing liability for the failure to obtain a license. Significantly, a different provision, RCW 70.74.180, prohibits possession of a shell, bomb, or similar device with the intent to use it for an unlawful purpose.

Contrary to the assertions of the State, the fact that singular words include the plural does not automatically inject the concept of "some," "most," or "any" into RCW 70.74.022(1). First, as used in RCW 70.74.022(1), the word "components" appears to encompass only the plural because there must be an intent to assemble the components. Second, even if the term "components" is read as "component," the only reasonable reading of RCW 70.74.010 and .022(1) is that a defendant could be convicted under RCW 70.74.022(1) for the failure to have a valid license when in control of one component of an explosive or improvised device if that one component was all that was required to construct an explosive or improvised device. Finally, the State's reading of the term "components"—in any sense other than "all" components—is absurd in that this reading would impose criminal liability for the possession of any component of an explosive or improvised device regardless of the nature of this component.

In short, the meaning of the term "components" in RCW 70.74.022(1) is not ambiguous and can be determined with reference to a plain reading of the statute as a whole. A violation of RCW 70.74.022(1) based on the defendant's control over components of an explosive or improvised device requires a showing that the defendant possessed all of the components necessary to assemble some type of explosive or improvised device.

■ "The State bears the burden of proving each and every element of the crime charged beyond a reasonable doubt." *State v. Billups,* 62 Wn. App. 122, 126, 813 P.2d 149 (1991). Here, it is undisputed that Mr. Wiggins did not have

all of the components necessary to assemble an explosive or improvised device.

The State argues that even if Mr. Wiggins' conviction is reversed, the matter must be remanded for resentencing on the lesser charge of attempted possession of an explosive or improvised device. The State maintains that this disposition of the case is in harmony with RCW 10.61.003 and cases such as *State v. Gilbert*, 68 Wn. App. 379, 842 P.2d 1029 (1993), and *State v. Maganai*, 83 Wn. App. 735, 923 P.2d 718 (1996).

 An attempted crime is a lesser-included offense of the crime charged and the jury may convict a defendant of attempting to commit the crime charged, even though the attempt was not specifically charged. *See* RCW 10.61.003. A person is guilty of attempt to commit a crime if, with intent to commit a specific crime, that person does any act which is a substantial step toward the commission of that crime. RCW 9A.28.020(1). "[T]he crime of attempt requires the actor to act with the objective or purpose of accomplishing a specific criminal result." *State v. Dunbar*, 117 Wn.2d 587, 591-92, 817 P.2d 1360 (1991). "[A] defendant cannot be guilty of an attempt if the underlying crime can be committed without intent to accomplish the requisite criminal result." 13A SETH A. FINE & DOUGLAS J. ENDE, WASHINGTON PRACTICE: CRIMINAL LAW § 604, at 125.

Unlawful possession of explosives under RCW 70-.74.022(1) can be committed without an intent to manufacture, sell, offer for sale, use, possess, transport, or store an explosive or improvised device—or their components—without a valid license. Simply stated, RCW 70.74.022(1) describes a strict liability licensing crime[3] that does not require an intent to accomplish a specific criminal result. Hence, there can be no attempted unlawful possession of explosives under RCW 70.74.022(1).

---

[3] Division Two of this court reached this same conclusion in an unpublished case, *State v. Watson*, noted at 96 Wn. App. 1006, 1999 Wash. App. LEXIS 1088, 1999 WL 407228, *review denied*, 139 Wn.2d 1007.

486

Mr. Wiggins' conviction is reversed.

KATO, A.C.J., and SWEENEY, J., concur.