# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
)    No. 70366-8-I
        Respondent, )
) DIVISION ONE
    v. )
) UNPUBLISHED OPINION
ELI EDWARD REITER, )
)
        Appellant. ) FILED: August 5, 2013
)

APPELWICK, J. — Reiter argues that there is insufficient evidence to support his conviction for residential burglary. He also argues he received ineffective assistance, because defense counsel did not object to testimony establishing that he was arrested for the crime, that a resident of the home confronted him and accused him of being in the home, and that he was a transient. We affirm.

## FACTS

John Lewis[1] was at home watching television at 8:30 p.m. when he heard a noise outside. He opened his front door to investigate. John could not identify the sound, but noted that the garage doors were shut. He went back inside and sat down. A few minutes later, he heard a sound coming from the garage. John went outside and saw that one of the garage doors was partially open. He looked down the driveway and saw a man, later identified as Eli Reiter, walking away. John's daughter, Katie Lewis, came outside. She and several neighbors corralled Reiter while John went inside and called the police.

---

[1] Because multiple members of the Lewis family testified at trial, we refer to them by their first names. No disrespect is intended.

Several police officers, including Officer Dustin Nicholson, responded to the call. Reiter initially denied having entered the Lewis residence, but ultimately admitted he was a transient and had gone into the garage to look for blankets, because he was cold and did not have a place to sleep that night.

The State charged Reiter with residential burglary, and a jury found him guilty as charged.

## DISCUSSION

Reiter argues that the State presented insufficient evidence to support his conviction for residential burglary and that he received ineffective assistance of counsel.[2]

In a sufficiency challenge, we review the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Joy, 121 Wn.2d 333, 338, 851 P.2d 654 (1993). We assume the truth of the State's evidence and draw all reasonable inferences from the evidence in the State's favor. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

The State bore the burden to prove that Reiter unlawfully entered or remained in a residence, and had a concurrent intent to commit a crime therein. RCW 9A.52.025(1). Reiter concedes that the State presented sufficient evidence to establish that he

---

[2] Reiter makes five additional arguments in a statement of additional grounds. Each of those arguments relies on facts not in the record. Issues that involve facts or evidence not in the record are properly raised through a personal restraint petition, not a statement of additional grounds. State v. Alvarado, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).

2

entered the garage. Thus, the only issue is whether there is sufficient evidence to show an intent to commit a crime therein.

Reiter argues that he did not have any stolen items in his possession, that there were no items missing from the garage, that no items had been moved in the garage other than the fertilizer spreader, and that he had no tools in his possession that he could have used to open the garage door. Each of those arguments goes to whether he actually committed a crime in the garage. But, criminal intent may be inferred from circumstantial evidence or from conduct, where the intent is plainly indicated as a matter of logical probability. State v. Billups, 62 Wn. App. 122, 126, 813 P.2d 149 (1991). Reiter told Officer Nicholson that he entered the garage to look for blankets, because he was cold and did not have a place to sleep that night. That evidence is sufficient for a rational trier of fact to conclude that Reiter entered the garage with the intent to steal blankets.

To prevail on a claim of ineffective assistance, a defendant must show that counsel's performance fell below an objective standard of reasonableness based on consideration of all the circumstances, and that the deficient performance prejudiced the trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Prejudice exists where there is a reasonable probability that the outcome of the trial would have differed absent counsel's deficient performance. State v. Grier, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011). Where the claim rests on defense counsel's failure to object, a defendant must show that an objection would likely have been sustained. State v. Fortun-Cebada, 158 Wn. App. 158, 172, 241 P.3d 800 (2010). Reiter argues that he received ineffective assistance, because counsel did not object to

3

evidence that the police arrested him, to evidence that Katie accused Reiter of being on her property, or to evidence that Reiter was a transient.

Reiter first argues that "the fact of an arrest is not admissible evidence because it constitutes the opinion of the arresting officer on guilt which is the very fact the jury and only the jury must decide." The general rule is that no witness, lay or expert, may testify to his opinion as to the guilt of a defendant, whether by direct statement or inference. City of Seattle v. Heatley, 70 Wn. App. 573, 577, 854 P.2d 658 (1993). The rationale for that rule is that such statements invade the exclusive province of the finder of fact. State v. Black, 109 Wn.2d 336, 348, 745 P.2d 12 (1987). But, there is no authority to support the proposition that the mere fact that a defendant was arrested is an improper opinion on guilt. Indeed, it is reasonable to presume that the jury knows the defendant was arrested. The cases Reiter analogizes to are easily distinguishable. In State v. Carlin, it was arguably improper, but nevertheless harmless, for an officer to testify that a tracking dog followed the defendant's "'fresh guilt scent.'" 40 Wn. App. 698, 700, 703, 700 P.2d 323 (1985), overruled on other grounds by City of Seattle v. Heatley, 70 Wn. App. 573, 854 P.2d 658 (1993). Stating that a dog followed a "'guilt scent'" is not comparable to stating the fact of arrest. In Warren v. Hart, the Supreme Court determined that it was improper to argue in closing that officers responding to an accident were a "'little baby court'" and that the fact that the officers did not issue a citation was strong evidence that the defendant was not negligent. 71 Wn.2d 512, 517-18, 429 P.2d 873 (1967) (emphasis omitted). But, that was a civil case. More significantly, counsel explicitly argued that the jury should defer to the officers, because they were experts that had already considered whether there were any violations. Id. at

4

517. In contrast, only the fact of arrest is at issue here, and the State did not use that fact to establish Reiter's guilt. Reiter has not established that an objection would have been sustained.

Second, Reiter argues that counsel was deficient for failing to object to Katie Lewis's description of her conversation with Reiter:

Q.     Okay. And so, you were talking to the man?

A.     Yes.

Q.     Okay. What were you saying to him?

A.     I said -- at first I was like, "What are you doing?" And, he was like, "What are you talking about?" And, I said, "Why were you in my house? Why were you in the garage? What were you doing on my property?" He was like, "I wasn't there. I don't know what you are talking about." And then, he kept walking and I said, "Yes, you were. I saw you on my driveway." Because by the time I was outside he was still on my -- on our driveway with my dad.

Q.     Uh-huh.

A.     And, I kept asking him, "What did you take? Why were you in my garage? Why were you on my property?" This --

Q.     And, what was he saying?

A.     He was denying that he was on my property -- on the property of our house, ever in my garage and he said he didn't take anything. And, I was -- and, I said, "Well, how would you feel if someone was intruding on your property?" And, he was like, "I -- I was never in your house. I didn't go on your property. I don't know what you are talking about."

Reiter cursorily asserts that the testimony was an improper opinion of guilt and irrelevant. But, even assuming an objection would have been sustained, Reiter has not established prejudice. At most, Katie's testimony shows her opinion that Reiter was on her property. That was not a point in serious debate. Katie and John both testified that

5

they saw Reiter in their driveway. Reiter told Officer Nicholson that he had entered the garage. On appeal, Reiter concedes that there was substantial evidence to establish that he entered the garage. Katie's testimony revealed that she questioned Reiter on why he was on her property and whether he took anything from the garage. It was not offered to show that Reiter did, in fact, take something. In light of the unobjected to testimony that Reiter told Officer Nicholson he entered the garage to look for blankets, Katie's testimony was not prejudicial.

Third, Reiter argues that counsel was deficient for failing to object to testimony that he was transient, that he looked scruffy, and that he smelled bad. He makes a bare assertion that the evidence was irrelevant and prejudicial.[3] But, whether Reiter was transient was relevant for purposes of corroborating Officer Nicholson's testimony that Reiter told him he was transient and looking for a blanket. Likewise, testimony about his personal appearance was relevant to corroborate that he was, in fact, a transient. Reiter has not established that an objection would have been sustained or explained how the evidence was prejudicial.

We affirm.

WE CONCUR:

---

[3] Reiter does not support his contention with citation to the record or legal authority, as required by RAP 10.3.

6