**FILED**
**July 26, 2016**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33422-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANTHONY A. JOSEPH, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Anthony A. Joseph appeals his conviction for custodial assault of a corrections officer at the Kittitas County jail. He contends that the trial court abused its discretion by admitting evidence of prior threats to a corrections officer and that the State's closing argument improperly shifted the burden of production. We affirm.

## FACTS

During the morning of October 12, 2014, Kittitas County Corrections Officer Laura Mittleider was conducting cell inspections and running the request cart, which contains supplies for inmates. She offered items from the cart to Anthony Joseph, an inmate at the jail. Mr. Joseph asked for paper and pencils, but

Officer Mittleider told him he could not have any pencils. Mr. Joseph became angry and grabbed her left arm through an opening in his cell door. The State charged Mr. Joseph with custodial assault.

Before trial, the State sought to introduce evidence that Mr. Joseph was not allowed to have pencils due to threatening another corrections officer in the jail on a previous occasion. The court denied the State's request.

At trial, Officer Mittleider testified that after she refused to give Mr. Joseph a pencil, he became angry and hostile, threatened to kill her, spit at her, and grabbed her left arm through the open cuff port. She testified that she was on duty and works for the Kittitas County Corrections Department. She also testified that Kittitas County is in Washington State.

After Officer Mittleider testified, the State asked to admit evidence that Mr. Joseph had been angry the day before over being denied a pencil. Defense counsel objected. The trial court overruled the objection, but prohibited the State from eliciting testimony relating to the basis for the denial of pencils.

Fernando Contreras, a corrections officer at the jail, testified that he responded to Officer Mittleider's request for help after Mr. Joseph grabbed her arm. He stated that he saw a red mark on her wrist after the incident.

The prosecutor then questioned Officer Contreras about the prior incident:

> Q. ... Now, are you familiar with whether or not Mr. Joseph knew he was not going to get a pencil?
> A. I am.
> Q. Okay. And how are you familiar with that?
> A. In the day prior I told him myself that he wasn't going to be getting pencils off the request cart.
> Q. Alright. And without saying any specifics, what was his demeanor when told that?
> A. He was very angry, upset. He cursed, yelled, made threats.

Report of Proceedings (RP) at 54.

Mr. Joseph took the stand and denied that he grabbed Officer Mittleider's arm.

The jury found Mr. Joseph guilty of custodial assault.

## ANALYSIS

*Admission of Prior Act Under ER 404(b)*

The first issue is whether the trial court erred in admitting evidence under

ER 404(b) relating to Mr. Joseph's confrontation with Officer Contreras. Mr. Joseph

argues the evidence was improperly used to support an inference that he was a dangerous

person likely to become angry when deprived of pencils and therefore also likely to

assault the officer who denied his request. The State responds that Officer Contreras's

testimony was relevant to Mr. Joseph's intent to assault Officer Mittleider.

We review a trial court's decision to admit evidence of misconduct for an abuse of

discretion. *State v. Brown*, 132 Wn.2d 529, 571-72, 940 P.2d 546 (1997). Under

ER 404(b) evidence of other crimes, wrongs, or acts is presumptively inadmissible to

prove character and show conformity therewith. ER 404(b); *State v. Powell*, 126 Wn.2d

244, 258, 893 P.2d 615 (1995). However, such evidence may be admissible for other

purposes such as proof of motive or intent. ER 404(b). Before admitting ER 404(b)

evidence, a trial court must, on the record, identify the purpose for admitting it, and

determine whether the evidence is relevant and necessary to prove an essential element of

the crime. *State v. Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002). The court must also

balance the probative value against its prejudicial effect. *Id.*

Prior misconduct evidence is only admissible to show intent "when intent is at

issue or when proof of the doing of the charged act does not itself conclusively establish

intent." *Powell*, 126 Wn.2d at 262 (citing *State v. Saltarelli*, 98 Wn.2d 358, 365-66, 655

P.2d 697 (1982)). Intent refers to the "'state of mind in which a person seeks to

accomplish a given result through a course of action.'" *Powell*, 126 Wn.2d at 261

(quoting BLACK'S LAW DICTIONARY 810 (6th rev. ed. 1990)).

Initially, we note that the trial court failed to balance the probative value of the

evidence against the prejudicial effect. Despite this omission, it is apparent that the trial

court would have admitted the evidence if it had performed the balancing test. *See State v.*

4

*Carleton*, 82 Wn. App. 680, 686-87, 919 P.2d 128 (1996) (failure to balance the probative value against the prejudicial effect on the record is harmless if a reviewing court can determine the trial court would have admitted the evidence if it had performed the balancing test). In the discussion regarding the admissibility of the prior act, the court recognized the potential prejudice of evidence related to the basis of the denial of the pencils and prohibited any questioning along those lines.

The jury here was instructed that an assault is an act done with intent to inflict bodily injury or with the intent to create fear of bodily injury. Mr. Joseph's denial that he grabbed Officer Mittleider's arm put into issue every element of the crime, including intent. *See State v. Billups*, 62 Wn. App. 122, 130, 813 P.2d 149 (1991) (defendant's denial of acts from which intent could be inferred put intent in issue). Thus, the evidence of Mr. Joseph's angry encounter with Officer Contreras was relevant to his state of mind when Officer Mittleider denied him a pencil the next day. We also find that the probative value outweighed any prejudicial effect. The incident with Officer Contreras was a small portion of the testimony against him. The trial court did not abuse its discretion in admitting the evidence of Mr. Joseph's prior misconduct.

*State's Closing Argument*

Next, Mr. Joseph claims that the State's closing argument improperly shifted the

burden of production to him. Referencing the elements in the "to convict" instructions, the State argued:

> Well, obviously, 2, 3, and 4 won't be any question. I mean, the testimony—the only testimony is, in fact, that everybody agrees to is it happened over at the Kittitas County Jail, which is in the State of Washington; that Laura Mittleider was there and that she was a staff member at that correctional institution/local detention facility; the only one in Kittitas County. So that—those two are met.
> That at the time of the assault she was performing her official duties. And again, you heard that, that one of the duties of the persons who work there is, you know, to do various things when inspections is over then they bring the request cart around so people can have their toiletries and their toothpaste . . . . And so 2, 3 and 4 are not at issue at all.

RP at 90-91.

A prosecutor has wide latitude in closing argument to draw reasonable inferences from the evidence and to express such inferences to the jury. *State v. Hoffman*, 116 Wn.2d 51, 94-95, 804 P.2d 577 (1991). However, it is improper for a prosecutor to mention in closing argument that the defense failed to present a witness or state that the jury should find the defendant guilty based simply on the defendant's failure to present evidence to support his defense theory.

Mr. Joseph argues that the State's closing argument suggested that the jury need not consider three of the essential elements of the charged offense because Mr. Joseph failed to present evidence on those issues. He argues this case is akin to *State v.*

*Boehning*, 127 Wn. App. 511, 111 P.3d 899 (2005) where prosecutorial misconduct in closing argument required reversal because the prosecutor referenced unadmitted evidence and repeatedly argued that the defendant had failed to establish that a witness's out-of-court statements were inconsistent with her testimony at trial. The court concluded that the State's argument improperly shifted the burden of production to the defendant. *Id.* at 523.

Nothing remotely similar happened here. Unlike *Boehning*, the prosecutor did not imply that witnesses withheld information at trial or that their previous statements supported more serious or unfiled charges. The State did not suggest that Mr. Joseph failed to present evidence or that he had the burden to present evidence relating to an element of the crime. The State simply noted that three elements were not in dispute. This did not shift the burden of production to Mr. Joseph. Moreover, the jury was instructed that the State, not Mr. Joseph, had the burden of proving each element of the crime. Finally, Mr. Joseph's own testimony could reasonably be inferred to agree that he was in jail in Washington State, and that Officer Mittleider was on duty at the time of the incident. Mr. Joseph testified that he was in jail in October and that he had contact with Officer Mittleider, who was making the rounds with the request cart. The State's closing argument did not shift the burden of production to Mr. Joseph.

7

No. 33422-8-III
*State v. Joseph*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____   _____
Siddoway, J.                                   Pennell, J.