IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38606-6-III cons. with |
| Respondent, | ) | No. 38922-7-III |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| PETER G. WILSON, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Peter Wilson challenges the sufficiency of the evidence to convict him of attempted kidnapping and trafficking in stolen property. Because ample evidence supports each conviction, we affirm the convictions.

FACTS

This prosecution arises from two unrelated events in the life of appellant Peter Wilson. We borrow the facts from police reports.

The first event covers a missing valuable saw. Richard Kraiker owned and rented a Spokane resident to tenants. Kraiker stored tools in the dwelling's basement and a shed on the property. He stored a DeWalt Miter saw in the basement.

In 2019, Jason Lemieux, Cameron Brunson, and John Looper rented Richard Kraiker's residence. Peter Wilson also lived at the residence as Lemieux's guest.

On June 7, 2019, Cameron Brunson and Peter Wilson informed John Looper that the two contemplated selling some of the tools from the shed on the rental property. Looper told Brunson and Wilson that the DeWalt Miter saw in the home's basement was the only tool worth value. On June 9, Looper noticed the DeWalt Miter missing from the basement and promptly called the property's manager, Hallie Burchinal, to report the absent saw.

Hallie Burchinal contacted law enforcement. Burchinal listed, for the police, the tools Richard Kraiker stored in the basement and the shed on the property. Burchinal did not know the serial number for the DeWalt Miter saw.

In investigating the reported theft, law enforcement officers contacted Pawn One. The pawn shop gave the officers a slip that recorded the pawning of a DeWalt Miter saw for $125 on June 9, 2019. From photographs taken of the transaction, police identified Peter Wilson as the seller of the saw. The photographs also pictured Cameron Brunson accompanying Wilson.

The second event occurred during June 2019 Hoopfest. Peter Wilson approached Jessica Vasquez and her eleven-year-old son, who we pseudonymously name Juan, while the two waited in line for pizza. Wilson incongruously repeatedly yelled "Amber alert!" Clerk's Papers (CP) at 4. Wilson asked Vasquez if the boy was her son. After Vasquez confirmed that Juan was her son, Wilson grabbed the boy around the waist and attempted to pull him from Vasquez. Vasquez held the son close to prevent an abduction.

Others in the Hoopfest congregation observed the tussle between Peter Wilson and Jessica Vasquez for physical control of Vasquez's son. Some bystanders grabbed Wilson and restained him until law enforcement arrived.

## PROCEDURE

The State of Washington charged, in two separate prosecutions, Peter Wilson with first-degree trafficking in stolen property and attempted second-degree kidnapping. The superior court ordered a competency evaluation. The evaluation revealed that Wilson was competent to form the requisite intent to commit each crime.

The State assigned the prosecutions of Peter Wilson to Felony Mental Health Court. Under the terms of the therapeutic court, Wilson agreed, in the event the mental health court terminated him from its program, to submit to a bench trial, during which trial the court would decide his guilt or innocence based only on police reports. The State agreed to dismiss both charges if Wilson successfully completed the program.

3

In 2021, law enforcement arrested Peter Wilson on two violent felony charges. The Spokane County Felony Mental Health Court then terminated Wilson's participation in its treatment program.

The two earlier stayed prosecutions against Peter Wilson proceeded to a bench trial. The superior court reviewed the information contained in police reports. The court convicted Wilson of first-degree trafficking in stolen property and attempted second-degree kidnapping.

The trial court entered the following findings of fact and conclusions of law:

<u>Attempted Second-Degree Kidnapping Conclusions of Law</u>

6. . . . In doing so, Mr. Wilson unlawfully restrained [Juan Vasquez] under RCW 9A.40.010(6), because [Juan] was under sixteen years old and his mother had not acquiesced to the restraint. (Elements 1.a., 1.c.)
7. In unlawfully restraining [Juan], Mr. Wilson took a substantial step that was beyond mere preparation toward abducting [Juan], and consequently toward second degree kidnapping. (Element 1.a.)
8. . . . Mr. Wilson also stated "Amber Alert," indicating he knew that his behavior constituted an attempt to abduct a child. (Element 1.b.)
9. When Mr. Wilson took a substantial step toward abducting [Juan] with criminal intent to restrain him, Mr. Wilson committed attempted second degree kidnapping. (Elements 1.a. and 1.b.)

CP at 259-60.

<u>First Degree Trafficking in Stolen Property Findings of Fact</u>

6. Burchinal had located the saw at a Pawn One pawn shop, located at 3023 E. Sprague, Spokane, WA 99202.
. . . .
9. Photos obtained from Pawn One confirmed that the male selling the stolen miter saw was Peter Wilson.

4

CP at 254.

<u>First Degree Trafficking in Stolen Property Conclusions of Law</u>

      6.  The De Walt [sic] miter saw was owned by Richard Kraiker, as established by the following facts: Mr. Wilson was living without Mr. Kraiker's permission at a rental unit Mr. Kraiker owned at 2713 E. 4th Avenue, Spokane, Washington.  Mr. Kraiker stored many tools in a shed on that property, including a DeWalt [M]iter saw.  Some of those tools went missing.  A fellow tenant, John Looper, overheard Mr. Wilson speaking with another man named Cameron Brunson talking about selling tools from the shed to make money.  Mr. Looper commented that the only tool with any value was the miter saw.  A couple of days later, on June 9, 2019, Mr. Looper noticed the miter saw was gone.  Video surveillance shows Mr. Wilson, with another male, selling a De Walt [sic] [M]iter saw on June 9, 2019.  (Element 1.a.)
      7.  Mr. Wilson knew the De Walt [sic] [M]iter saw was stolen because he found it on Mr. Kraiker's property and he was part of a plan to steal and sell it to make money.  (Element 1.a.)

CP at 255.

LAW AND ANALYSIS

Attempted Kidnapping

To repeat, Peter Wilson challenges the sufficiency of evidence for his two convictions.  We begin with attempted second-degree kidnapping.

Sufficient evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. N.B.*, 7 Wn. App. 2d 831, 837, 436 P.3d 358 (2019).  Substantial evidence constitutes evidence sufficient to persuade a fair-

5

minded, rational person of the finding's truth. *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005). In claiming insufficient evidence, the defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from it. *State v. Homan*, 181 Wn.2d 102, 106 (2014).

Peter Wilson argues that the trial court erred when it found him guilty of attempted second-degree kidnapping because insufficient evidence established the criminal element of taking a substantial step towards kidnapping Juan. Wilson assigns no error to a finding of fact. He assigns error to the trial court's conclusions of law 6, 7, 8, and 9.

Under RCW 9A.40.030(1):

> A person is guilty of kidnapping in the second degree if he or she intentionally *abducts* another person under circumstances not amounting to kidnapping in the first degree.

(Emphasis added). The term "abduct," as used in RCW 9A.40.030, is defined as:

> *restrain*[ing] a person by either (a) secreting or holding him or her in a place where he or she is not likely to be found, or (b) using or threatening to use deadly force.

RCW 9A.40.010(1) (emphasis added). In turn, the term "restrain" is defined as:

> restrict[ing] a person's movements without consent and without legal authority in a manner which interferes substantially with his or her liberty. Restraint is "without consent" if it is accomplished by (a) physical force, intimidation, or deception, or (b) any means including acquiescence of the victim, if he or she is a child less than sixteen years old or an incompetent person and if the parent, guardian, or other person or institution having lawful control or custody of him or her has not acquiesced.

6

RCW 9A.40.010(6).

One commits the imperfected crime of attempt when:

A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime.

RCW 9A.28.020(1). When logical probability indicates the defendant acted with criminal intent, his or her intent may be inferred from all of the facts and circumstances surrounding the act, including the defendant's conduct. *State v. Lewis*, 69 Wn.2d 120, 123, 417 P.2d 618 (1966); *State v. Billups*, 62 Wn. App. 122, 126, 813 P.2d 149 (1991). With respect to attempted kidnapping in the second degree,

[a] substantial step is an act strongly corroborative of the actor's criminal purpose, such as lying in wait, searching for or following the intended victim of the crime, enticing or seeking to entice the intended victim to the planned site of the crime, [or] reconnoitering the planned site of the crime.

*State v. Newbern*, 95 Wn. App. 277, 287, 975 P.2d 1041 (1999). Factual impossibility or legal impossibility are not available defenses to an attempt charge. RCW 9A.28.020(2).

Peter Wilson's conduct and the surrounding circumstances strongly suggest that he acted with the criminal intent of restraining Juan and that he took a substantial step toward performing the crime. Wilson grabbed Juan around the waist and aggressively attempted to pull him from his mother. He did so during a crowded community event. Wilson shouted "Amber alert." Wilson used threatening force to restrain Juan. Juan was

7

11 years old, he did not acquiesce to being grabbed, and his mother did not acquiesce to him being grabbed.

First-Degree Trafficking in Stolen Property

Peter Wilson argues that the trial court erred when it found him guilty of first-degree trafficking in stolen property because the State did not produce sufficient evidence to establish that he stole the pawned DeWalt Miter. In making this argument, Wilson assigns error to the trial court's findings of fact 6 and 9 and conclusions of law 6 and 9.

Under RCW 9A.82.050(1),

> A person who knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others, or who knowingly traffics in stolen property, is guilty of trafficking in stolen property in the first degree.

Contrary to Peter Wilsons' contention, the State need not prove that the accused stole the property in the first instance.

The evidence found in the police reports sufficed to convict Peter Wilson of knowingly trafficking stolen property. Wilson overheard others mention a desire to procure money by selling tools in the rental house. Wilson learned that the DeWalt Miter saw in the house's basement was worth value. Two days later, the DeWalt Miter went missing. Wilson pawned a DeWalt Miter saw. A receipt from the pawnshop revealed that a DeWalt Miter saw was pawned for $125 on the day it was reported missing. Pawnshop photos depicted Wilson with the DeWalt Miter saw.

No. 38606-6-III cons. with No. 38922-7-III
*State v. Wilson*

CONCLUSION

We affirm Peter Wilson's convictions for attempted kidnapping and trafficking in stolen property.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

9